UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TOMMIE LEE MOORE,

           Plaintiff,

      v.                              Case No. 23-cv-0732-bhl

OFFICER E. BOWDEN and
OFFICER B. LAURENT,

           Defendants.

---

## SCREENING ORDER

---

Plaintiff Tommie Moore, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Moore's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Moore has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Moore has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $0.72. Moore's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Moore asserts that on April 12, 2022, he was an inmate at the Brown County Jail. According to Moore, Defendant Officer E. Bowden was serving food when he dropped a piece of cake on the floor and then put it back on the cart. Moore asserts that he asked Bowden if he was going to get another piece, to which Bowden responded, "it's only a little dirt it won't hurt." Bowden acknowledged to another officer that he had dropped the cake, and the officer informed Bowden that there were no extras. According to Moore, Bowden then gave him the piece of cake that had fallen on the floor. Dkt. No. 1 at 2-3.

Moore explains that he filed a grievance. Defendant Officer B. Laurent, the hearing officer, reviewed video footage and concluded the grievance was unfounded. According to Moore, Laurent stated that if Moore had not asked for the fallen cake, Bowden would not have given it to him. Moore asserts that Laurent's response made him feel "humiliated, scared, and also deprived." Dkt. No. 1 at 3.

## THE COURT'S ANALYSIS

According to the Department of Corrections online inmate locator, at the relevant time, Moore was a convicted prisoner who was incarcerated at the Brown County Jail pending revocation of his supervised release. Accordingly, his claim arises under the Eighth Amendment. "The Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (citations omitted). A conditions-of-confinement claim includes an objective and subjective component. A plaintiff must first allege that, objectively, "the conditions are

3

sufficiently serious—*i.e.*, that they deny the inmate the minimal civilized measures of life's necessities, creating an excessive risk to the inmate's health and safety." *Id.* (citations omitted). The plaintiff must next allege that the official had a culpable state of mind, meaning that the official was deliberately indifferent to the inmate's health or safety. *Id.*

Moore fails to state a claim against Bowden because being given a piece of cake that fell on the floor does not deprive a person of a "minimal civilized measure of life's necessities." Accordingly, Moore does not satisfy the objective element of a conditions-of-confinement claim. Moore also fails to state a claim against Laurent because it has long been held that "[r]uling against a prisoner on an administrative complaint does not cause or contribute to a violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (explaining that "[o]nly persons who cause or participate in the violations are responsible").

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Moore's complaint is thorough in its allegations of facts surrounding this claim, so the Court finds that further amendment would be futile.

**IT IS THEREFORE ORDERED** that Moore's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Moore shall collect from his institution trust account the $349.28 balance of the filing fee by collecting monthly payments from Moore's prison trust account in an amount equal to 20% of the preceding month's income credited to Moore's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Moore is transferred to another institution, the transferring institution shall forward a copy of this Order along with Moore's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Milwaukee, Wisconsin on August 1, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.